IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR76 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| ELEODOR LOPEZ-URIAS, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 245) filed by the Defendant, Eleodor Lopez-Urias. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

## FACTUAL BACKGROUND

After a jury trial, Lopez-Urias was found guilty of a one-count Indictment charging him with possessing more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Lopez-Urias was sentenced to 135 months imprisonment and 5 years supervised release. Lopez-Urias filed a direct appeal, and the Eighth Circuit Court of Appeals affirmed. Lopez-Urias argues: 1) the "mere presence" instruction should have

been allowed; 2) the determined drug quantity was incorrect, as not all drug packages were weighed; and 3) the enhancement for leadership role was not in the Indictment and not proved to the jury beyond a reasonable doubt, citing *United States v. Booker,* 125 S. Ct. 738 (2005). The issues are discussed below.

### DISCUSSION

*"Mere Presence" Instruction*

As the Eighth Circuit stated:

> The theory of defense was, in essence, that the government had failed to carry its burden on two elements of constructive possession–knowledge and control. Thus, the giving of the mere-presence instruction in this case would have duplicated the instructions outlining the elements of the offense, the definition of possession, and the burden of proof.

*United States v. Serrano-Lopez,* 366 F.3d 628, 637 (8th Cir. 1004) (cited in *United States v. Gaona-Lopez,* 408 F.3d 500, 507 (8th Cir. 2005) (affirming the district court's decision not to give a mere-presence instruction in a drug possession case, stating that the instruction would have duplicated instructions regarding the presumption of innocence, the elements of the offense, and the burden of proof)).

For these reasons, the claim is denied and no response from the government is required.

*Drug Quantity*

The Defendant argues that the drug quantity found by the jury, more than 5 kilograms of cocaine, was incorrect because each drug package was not weighed. As the Eighth Circuit stated, the evidence is sufficient to support a finding that 3.7 kilograms of material containing cocaine was in the unsampled packages, and the weighed packages weighed 2.2 kilograms. The Eighth Circuit also stated that it is not necessary to weigh

each package.  *Id.* at 639 (citing *United States v. Brett,* 872 F.2d 1365, 1372 (8th Cir. 1989)).

To the extent this argument may be based on *Booker,* decided on January 12, 2005, the claim is denied because the conviction was final before the *Booker* decision was announced.  *Never Misses A Shot v. United States,* 413 F.3d 781, 783 (8th Cir. 2005).

For these reasons, the claim is denied and no response from the government is required.

### *Leadership Role*

The Defendant argues that the leadership role was improperly included in his guideline application, citing *Booker*.  As stated above, the claim must be denied because the conviction was final before the *Booker* decision was announced.  *Never Misses A Shot v. United States,* 413 F.3d at 783.

For this reason, the claim is denied and no response from the government is required.

## CONCLUSION

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief with respect to any of his claims.  All claims are denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 245);

2.	Upon initial review, the Court summarily dismisses the Defendant's claims raised in the § 2255 motion;

3.	A separate Judgment will be issued denying the § 2255 motion; and

4.	The Clerk shall mail a copy of this Memorandum and Order and the separate Judgment to the Defendant at his last-known address.

DATED this 19th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge